Turner, J.
 

 Appellee in its brief defines the issue as follows:
 

 “The issue here is whether the findings of the Board of Tax Appeals holding the government obligation here involved as ‘stocks, bonds, treasury notes and other obligations of the United States’ ” to be exempt
 
 *345
 
 from taxation by or under state or municipal or local authority “was illegal or an abuse of discretion.”' (Title 31, Section 742, U. S. Code, Section 3701, United States Eevised Statutes.)
 

 Appellee’s claim for refund grew out of the acceleration of depreciation from five years to approximately three years of war facilities installed by appellee.
 

 The Board of Tax Appeals’ reversal was based upon the interpretation of the words, “other obligations,” contained in Title 31, Section 742, U. S. Code,. Section 3701, United States Eevised Statutes, which: provides:
 

 “Except as otherwise provided by law, all stocks,, bonds, treasury notes, and other obligations of the United States, shall be exempt from taxation by or under state or municipal or local authority. ’ ’
 

 In its letter of February 17,1947, to the Department of Taxation, appellee said in part:
 

 “The claim for refund of federal taxes was merely set up for accounting purposes and is an estimated: .figure of items applicable to claims resulting from-, amortization of war facilities. This in reality should-be applied- against our reserve for federal taxes as the-entire amount will no doubt be eliminated by additional* assessments from a revenue agent’s audit now in progress covering an examination for the past six fiscal years. ’ ’
 

 In its letter of February 27, 1947, to the Department of Taxation, appellee said:
 

 “In regard to the claim for refund of federal taxes,, if this item is to be included anywhere it would be more properly classified as line 45 of schedule 9 rather than in schedule 10. However, I question if I made myself clear as to the nature of this claim and the anticipated outcome of our federal tax examination. In-this respect please bear in mind that the company an
 
 *346
 
 ticipates having to pay additional prior years’ federal taxes which will completely more than offset these refunds and the company has reserves set up for this condition. The refunds were set up as an asset merely to record the claims filed. The claims for refund were filed for the company’s protection in claiming amortization of war facilities for the shorter period. It is not a case of applying refunds for prior years’ taxes against a reserve for taxes of a current year but applying estimated debits classified as refunds against estimated liabilities for corresponding years not yet determined. Also, take into consideration that our federal tax examination covers the fiscal year ending October 31, 1941, to October 31, 1946, and examination of invested capital for excess profits tax computation for all years.
 

 “If you are in doubt as to these contentions I believe it would be no more than fair to us to await the completion of our federal tax examination 'and then if these refunds are not completely offset we will be glad to pay the resulting tax with interest.”
 

 Under date of June 10, 1947, appellee wrote the Department of Taxation as follows:
 

 “This will acknowledge receipt of your letter of the 5th regarding our 1946 inter-county personal property tax return.
 

 ‘1 It appears that in your concluding that there should be included under ‘net taxable credits’ the item in the amount of $236,780, you must have the impression that this claim is actually a receivable. This is not the case. This is simply a claim we have filed against the government. The claim has not been allowed and certainly, if taxable under any circumstances, could not be considered taxable unless and until such time as the claim is allowed by the government.
 

 “We have no way of knowing at the present time
 
 *347
 
 whether or not this claim will be allowed and if allowed at all, whether it will be allowed in full or in part.***”
 

 Under date of September 3,1947, the Department of Taxation, by Ramey S. Curtis, Chief, Corporations Section, wrote appellee as follows:
 

 “This is in reference to your letter to this office dated June 10, 1947, with respect to an item in the amount of $236,780 representing a claim your corporation filed against the federal government, and which claim appeared as of October 31, 1945 as an asset to your corporation.
 

 “Was that claim allowed in whole or in part since June 10, 1947, or, was it disallowed?”
 

 To the foregoing inquiry appellee responded by letter under date of September 8, 1947, as follows:
 

 “In reply to your letter of September 3rd in which you question an item in the amount of $236,780 representing a claim our corporation filed against the federal government and which claim appeared as of October 31, 1945, as an asset of our corporation, please be advised this claim has not been allowed to date. The examination covering these claims has not been completed and as previously stated this claim merely goes to reduce the amount of liability for additional taxes which the company will have as a result of the audit.”
 

 Under date of November 22, 1947, the Department of Taxation, by Ramey S. Curtis, Chief, Corporations Section, wrote appellee as follows:
 

 “This is in reference to correspondence that passed in the fore part of the present year between your office and ours with respect to an item in the amount of $230,341.85 representing a claim for refund of federal taxes, filed by your corporation.
 

 “We hope you are in position to send to us at this time information that shows the amount finally al
 
 *348
 
 ■lowed to your corporation by the federal government with respect to such claim. We desire to close the matter. ’ ’
 

 To the foregoing letter appellee replied under date ■of November 25,1947, as follows:
 

 “In reply to your letter of the 22d of this month addressed for the attention of Mr. A. T. Bassett, please be advised that our federal tax audit has not yet been ■completed and we are therefore not in a position to give you any further information in connection with •our claim for refund of federal taxes. * * *”
 

 The record clearly shows that on tax listing day for the year 1946, this claim constituted merely an open account and, therefore, falls within the doctrine announced in the case of
 
 Smith
 
 v.
 
 Davis et al., Bd. of Assessors of Fulton
 
 County, 323 U. S., 111, 89 L. Ed., 107, 110, 65 S. Ct., 157, wherein it was said by Mr. Justice .Murphy in an opinion to which there was no dissent:
 

 “Petitioners claim that the proposed tax on the open .account claim against the United States is a tax upon the credit of the federal government and upon its power to raise money to carry on military and civil •operations. * * *
 

 “In the first place, an open account claim against the United States does not represent a credit instrumentality of the federal government within the meaning of this constitutional immunity. The record here reveals •only that petitioners claim that the United States owes them $29,831.10, which amount is carried by them -as an account receivable and ‘is in the nature of an open account.’ * * * It is not evidenced by any written •document whereby the United States, the debtor, has promised to pay this claim at a certain time in the •future; nor is there any binding acknowledgment by the United States of the correctness of the claim. Conceivably the amount claimed to be due is incorrect or
 
 *349
 
 is subject to certain defenses or counterclaims by the United States, necessitating further settlement or adjustment. Such a unilateral, unliquidated creditor’s claim, which by itself -does not bind the United States and which in no way increases or affects the public debt, cannot be said to be a credit instrumentality of the United States for purposes of tax immunity.
 

 ‘1
 
 In these respects a mere open account claim differs vitally from the type of credit instrumentalities which this Court in the past has recognized as constitutionally exempt from state and local taxation. Such instrumentalities in each instance have been characterized by (1) written documents, (2) the bearing of interest, (3) a binding promise by the United States to pay ■specified sums at specified dates and (4) specific Congressional authorization, which also pledged the faith ■and credit of the United States in support of the promise to pay. ’ ’
 

 After reviewing the cases the court’s opinion continued : ■
 

 “None of these cases is authority for placing an open account claim under the protective umbrella of constitutional immunity. ’ ’
 

 We are of the opinion that a claim against the United States for a refund on account of accelerated depreciation of a war facility, whether the amount be agreed upon or not, is not such “other obligations” under Title 31, Section 742, U. S. Code, Section 3701, United States Revised Statutes,
 
 supra.
 

 We are of the opinion that under the rule of
 
 ejusdem generis
 
 the Board of Tax Appeals was in error in holding that “other obligations” in Section 742,
 
 supra,
 
 included appellee’s claim for refund.
 

 In Bouvier’s Law Dictionary, Rawle’s 3 Rev., 979, under
 
 ejusdem generis,
 
 it is said: _
 

 “In the construction of laws, wills, and other in
 
 *350
 
 struments, general words following an enumeration of specific things are usually restricted to things of the same kind
 
 (ejusdem generis)
 
 as those specifically enumerated. ’ ’
 

 In 37 Ohio Jurisprudence, 779, Section 450, it is-said: ■ ■
 

 “In accordance with what is commonly known as "the rule of
 
 ejusdem generis,
 
 where, in a statute, general words follow a designation of particular subjects or classes of persons, the meaning of the general words will ordinarily be construed as restricted by the particular designation and as including only things or persons of the same kind, class, or nature as those specifically enumerated, unless there is a clear manifestation of a contrary purpose. An explanation which has. been given for the principle is that if the legislature had meant the general words to be applied without restriction it would have used only one compendious term. In accordance with the rule of
 
 ejusdem generis,.
 
 such terms as ‘other,’ ‘other thing,’ ‘others,’ or ‘any other,’ when preceded by a specific enumeration, are commonly given a restricted meaning, and limited to articles of the same nature as those previously described. ’ ’
 

 In paragraph two of the syllabus in the case of
 
 George H. Dingledy Lumber Co.
 
 v.
 
 Erie Rd. Co.,
 
 102 Ohio St., 236, 131 N. E., 723, it was held:
 

 “Where, in a contract of indemnity, general words are used after specific terms, the general words will.be limited in their meaning to things of like kind and nature as those specified.”
 

 Appellee’s claim for refund possesses none of the attributes listed as necessary by the Supreme Court of the United States in
 
 Smith
 
 v.
 
 Davis, supra,
 
 to qualify it as an indebtedness affecting the credit of the' United States. Therefore, such claim is not exempt from taxation in this state.
 

 
 *351
 
 While counsel for appellee contends strenuously that appellee’s claim against the government was liquidated, this is contrary to the record upon which we are called upon to decide the ease. We are of the ■opinion that appellee’s claim against the government is not such a one as affects the credit of the United States and does not meet the test laid down in the •case of
 
 Smith
 
 v.
 
 Davis, supra.
 

 We are, therefore, of the opinion that the decision of the Board of Tax Appeals in respect of its holding that the claim against the United States government was nontaxable is unreasonable and unlawful and ■should be and hereby is to such extent reversed and vacated.
 

 Counsel for appellee also makes the contention that .appellee’s claim against the government, if taxable, would be taxable under schedule 9 of the return as •credits and not under schedule 10 as other taxable intangibles.
 

 The pertinent part of Section 5327, General Code, reads as follows:
 

 “The term ‘credits’ as so used, means the excess of the sum of all current accounts receivable and prepaid items used in business when added together estimating every such account and item at its true value in money, over and above the sum of current accounts payable of the business, other than taxes and assessments. ‘Current accounts’ includes items receivable or payable on demand or within one year from the date ■of inception, however evidenced.
 
 *
 
 * *”
 

 We are of the opinion that on tax listing day 1946, appellee’s claim against the government was not payable on demand or within one year from the date of inception.
 

 Section 5327-1, General Code, defines “other taxable intangibles” as follows:
 

 
 *352
 
 “The terms ‘other taxable intangibles’ and ‘other intangible property’ as so used, include every valuable right, title or interest not comprised within or expressly excluded from any of the other definitions set forth in this chapter.”
 

 Section 5328-1, G-eneral Code, so far as pertinent, reads as follows :
 

 “All moneys, credits, investments, deposits, and other intangible property of persons residing in this state shall be subject to taxation, excepting as provided in this section or as otherwise provided or exempted in this title
 
 * *
 

 The tax rate for other taxable intangibles is fixed by Section 5638-1, G-eneral Code.
 

 We are of the opinion that the Tax Commissioner made no error in deciding that appellee’s claim was taxable under schedule 10.
 

 Upon hearing and consideration this court is of opinion that the decision of the Board of Tax Appeals appealed from is unreasonable and unlawful. Such decision is hereby reversed and vacated and this cause is remanded to the Board of Tax Appeals for further proceedings not inconsistent with this opinion.
 

 Decision reversed and cause remanded.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart and Taft,
 
 J J.,
 
 concur.