AERONCA MANUFACTURING CORP., APPELLANT, *v.* BOARD OF TAX APPEALS ET AL., APPELLEES.

(No. 39882—Decided April 20, 1966.)

88

*Messrs. Cohen & Wolf* and *Mr. Robert L. Jordan,* for appellant.

*Mr. William B. Saxbe,* attorney general, *Mr. William M. Culbert* and *Mr. Edgar L. Lindley,* for appellees.

SKEEL, J. The only question presented by this appeal is one of law, that is, is the claim of a corporation for a refund of previously overpaid federal income taxes (there being no dispute as to the validity of such claims), in making its return to the Department of Taxation of Ohio of personal property for taxation purposes, to be returned as current accounts receivable or as "other taxable intangibles" as defined in Section 5701.07, Revised Code?

Section 5701.07, Revised Code, reads:

"As used in Title LVII of the Revised Code:

"(A) 'Credits' means the excess of the sum of all current accounts receivable and prepaid items used in business when added together, estimating every such account and item at its true value in money, over and above the sum of current accounts payable of the business, other than taxes and assessments.

"(B) 'Current accounts' includes items receivable or payable on demand or within one year from the date of inception, however evidenced.

"(C) 'Prepaid items' does not include tangible property.

"The sum of current accounts payable shall not take into account an acknowledgment of indebtedness, unless founded on some consideration actually received, and believed at the time of making such acknowledgment to be a full consideration therefor, nor an acknowledgment for the purpose of diminishing the amount of credits to be listed for taxation."

The evidence as to the time within which a refund of overpaid income taxes becomes due to the taxpayer and will thereupon be returned to him stands uncontradicted in the record. It is stated that repayment may be reasonably expected within one year of the date when the claim is presented to the bureau.

The obligation to make a refund of overpaid income tax by the Director of Internal Revenue is provided by law and it is the obligation of the taxpayer to make advances which before or at the end of the tax period may result in overpayment because of changed conditions occurring during the tax period. Unquestionably a taxpayer does not intend (Section 5701.07, Revised Code, and *Glidden Co.* v. *Glander, Tax Commr.*, 151 Ohio St. 344, notwithstanding) that any overpayment should represent an investment in securities of the United States and subject to be taxed as such by the state Tax Commissioner. When funds paid to meet income tax obligations, as provided by law, are paid, they are deposited with the director and credited to the account of the taxpayer. As indicated, there is no claim in this case that even suggests that the appellant was not entitled to a return of the overpayments claimed or that a proper demand therefor was not filed with the Director of Internal Revenue. The claim of the appellees, that before the obligation of the director to make a refund of overpayment becomes a legal obligation the bureau must acknowledge the appellant's right thereto, is without legal foundation. It certainly cannot be contended that such a claim must be presented as an account stated to entitle the taxpayer to a return of overpaid federal income taxes.

The claim, therefore, for a refund is, as to the Bureau of Internal Revenue, the subject of an account which, when established, creates an immediate obligation on the part of the bureau to return that part of what has been received that was not, in fact, due. The funds thus repayable are those of the taxpayer to be repaid to cancel out the amount of the overpayment the moment the overpayment is established. By the undisputed facts as to what has been designated in the record as claim No. 2 for the return of $1,753,515.62, such claim for its recovery on account of business losses was made within three days of the end of the taxing period and made in such form as to require the return of the overpayment within 90 days. The claim was, in fact, returned within 25 days, well within the one-year period as provided by Section 5701.07, Revised Code, in defining a current account. As to claim No. 1, no dispute was ever presented as to the amount of the overpayment. In each claim,

therefore, the amount held by the bureau over what was due was, in fact, a current account receivable as to this appellant.

Reliance by the appellees is put on the case of *Glidden Co.* v. *Glander, Tax Commr.*, 151 Ohio St. 344, as supporting their position. However, the principal issue in that case is clearly distinguishable from the claims of the Tax Commissioner in this case. At the very beginning of the opinion in *Glidden*, Judge Turner, quoting the appellee, stated:

"The issue here is whether the findings of the Board of Tax Appeals holding the government obligation here involved as 'stocks, bonds, treasury notes and other obligations of the United States' to be exempt from taxation by or under state or municipal or local authority was illegal or an abuse of discretion."

The conclusion reached by the court after setting out excerpts of correspondence between the government and the taxpayer extending over a period of a year or more was that on tax listing day 1946 appellee's claim against the government was not payable on demand or within one year from the date of its inception. The amount of the claimed overpayment was never clearly stated in *Glidden*.

This result, the court stated, required it to find that appellee's claim was taxable under schedule 10 of the corporation form for its return of personal property for tax purposes as other taxable intangibles. This is the distinguishing feature between this case and *Glidden*.

As was indicated, *supra*, when the appellant made the payments which ultimately turned out to be in excess of what was due at the end of the tax period, there was no purpose on its part to do anything except to pay its income tax debt as provided by law. Certainly, if and when the overpayment is, in fact, returned, it would be in satisfaction of an account payable on the part of the Director of Internal Revenue. The Director of Internal Revenue has no legal authority to retain the property of a taxpayer except as provided by law. The evidence supports the logical conclusion that the funds held beyond the income tax debt would be paid to the appellant promptly and, therefore, under the provisions of Section 5701.07, Revised Code, must be treated by the Tax Commissioner of Ohio as an

account receivable due and payable within one year from inception which would be the end of the tax year of its inception, and, therefore, returnable under schedule 9 of the corporation form prescribed by the Tax Commissioner.

The decision of the Board of Tax Appeals is, therefore, reversed and the cause is remanded to the Board of Tax Appeals with instructions to amend the assessment certificates in accordance with this opinion.

*Decision reversed.*

TAFT, C. J., MATTHIAS, HERBERT and BROWN, JJ., concur.
ZIMMERMAN and O'NEILL, JJ., dissent.

SKEEL, J., of the Eighth Appellate District, sitting for SCHNEIDER, J.