Sohngen, J.
 

 The sole question in this case is which of two sections of the General Code limits the time within which a bill of exceptions must be filed in the Municipal Court of Massillon in a criminal case.
 

 The jurisdiction of the prosecution for the offense for which appellee was tried is vested in the Municipal Court. It is conceded that the bill of exceptions in this case was not filed until 23 days had elapsed from the date of the order complained of, and there is no claim that the bill of exceptions is not a true bill.
 

 Section 1579-440», General Code, is a part of the
 
 *25
 
 special legislative enactment creating the Municipal Court of Massillon and defining its jurisdiction and procedure. This section, which was enacted in 1921, provides as follows:
 

 “The bill of exceptions shall be filed with the clerk of the Municipal Court within twenty days after the rendition of the judgment or the making of the order complained of. On the filing of such bill of exceptions, the clerk forthwith shall notify the adverse party or his attorney of its filing. Within five days after such notice, any adverse party may file in the cause any objection or amendment he proposes to such bill for its correction. On the expiration of the'time fixed for the filing of objections or amendments by the adverse party, or within five days thereafter, or immediately on the filing of the bill, with the consent of the adverse party to such transmission, indorsed thereon, the clerk shall transmit it, together with all objections and amendments filed thereto, to the trial judge. The trial judge on receipt of the bill, shall indorse the date it was received and within five days thereafter correct it, if necessary, allow and sign it immediately, transmit or cause it to be transmitted to the office of the clerk of the court from whom it was received. * * *”
 

 Section 13445-1, General Code, a part of the Code of Criminal Procedure, is a general act providing for procedure in criminal cases. This section, which was enacted in 1929, provides as follows:
 

 “If a defendant feels himself aggrieved by a decision of the court, he may present his bill of exceptions ór objections thereto which the court shall sign, and it shall be made a part of the record and shall have like force and effect as in civil actions. * * * The court shall fix the time within which such bill of exceptions or objections, shall be filed, which, in no case, shall be more than thirty days from the. overruling of the motion for a new trial.”
 

 
 *26
 
 It is the contention of the appellee that Section 13445-1, General Code, supersedes the provisions of Section 1579-440», General Code; that, therefore, the time for filing a bill of exceptions in any criminal case is now limited by Section 13445-1, General Code; and that since the bill of exceptions was filed within the time prescribed by Section 13445-1, General Code, it is the appellant’s duty to sign the bill of exceptions.
 

 Section 1579-440», General Code, has never been expressly repealed by the General Assembly, so the only question remaining is whether there was a repeal by implication of Section 1579-440», General Code, when the General Assembly enacted Section 13445-1, General Code.
 

 Repeals by implication are not favored by law. This is especially true where the statutes involved are a special and a. general statute. Where a general statute, covering the same field as an earlier special statute, is enacted, the special statute is ordinarily held to be an exception to the general statute. Only where the terms of the two statutes are manifestly irreconcilable or where, the legislative intent is clear that a repeal was intended, is it held that the later general statute repeals the earlier special statute. If the two statutes are susceptible to a reasonable construction so that neither will be nullified, it is the duty of the court to so interpret them.
 
 Leach
 
 v.
 
 Collins,
 
 123 Ohio St;, 530, 176 N. E., 77.
 

 As was stated by this court in
 
 In re Hesse,
 
 93 Ohio St., 230, at 234, 112 N. E., 511: “It is settled that where there are contradictory provisions in statutes and both are susceptible of a reasonable construction which will not nullify either, it is the duty of the court to give such construction, and further, that where two affirmative statutes exist one is not to be construed to repeal the other by implication unless ‘they can be reconciled by no mode of interpretation. ’ ’ To the same effect see
 
 *27
 

 State
 
 v. Cameron, 89 Ohio St., 214, 106 N. E., 28.
 

 Are the sections here involved susceptible to such a reasonable construction! We think they are. Municipal courts are creatures of the General Assembly. Each such court is set up by a special legislative enactment which defines the jurisdiction and procedure of that court and only that court. Such courts are individual entities and the General Assembly deals with them as such. Section 13445-1, General Code, is a general provision dealing with criminal procedure. Section 1579-440», General Code, is a special section enacted to control the procedure in a coprt specially created by the General Assembly, and the prescribed procedure is an exception to the general provisions enact- • ed by the General Assembly. It seems clear that the General Assembly did not intend to include Section 1579-440», General Code, within the provisions of Section 13445-1, General Code, but considered the former to be an exception to the latter. It is presumed that the General Assembly knew of the existence of Section 1579-440» at the time it enacted Section 13445-1, yet the General Assembly did not repeal Section 1579-440» or refer to it in the new section. An examination of the Ohio statutes shows very clearly that the General Assembly has not considered the special municipal court acts to be affected by Section 13445-1, General Code. Since the enactment of Section 13445-1, General Code, in 1929, the General Assembly has created other municipal courts, each by special enactment, and in several have established a time for filing a bill of exceptions, different from that prescribed by Section 13445-1, General Code.
 

 For the reasons herein stated, it is the opinion of this court that Section 1579-440», General Code, is an exception to Section 13445-1, General Code; that Section 1579-440» is a valid and existing statute; and that the timé for filing a bill of exceptions in the Municipal
 
 *28
 
 Court of Massillon in a criminal case is controlled by that section. The judgment of the Court of Appeals is reversed and final judgment is rendered for appellant.
 

 Judgment reversed.
 

 Weygandt, C. J., Turner, Matthias, Hart and Zimmerman, JJ., concur.
 

 Stewart, J., not participating.