CITY OF VERMILION, APPELLEE, *v.* STEVENSON, APPELLANT.

(No. E-81-56—Decided April 2, 1982.)

*Mr. Joseph Rader,* for appellee.
*Messrs. Arter & Hadden* and *Mr. Anthony J. Damelio, Jr.,* for appellant.

*Per Curiam.* This case comes before this court on appeal from judgment entered by the Municipal Court of Vermilion, Ohio, on September 2, 1981, convicting appellant, Burl Stevenson, Jr., of violating Vermilion Ordinance No. 553.01.

On June 19, 1981, appellant was assigned by his employer, the Norfolk & Western Railway Company, to work as an engineer on a train consisting of one hundred twenty-six freight cars, engine and caboose, running from Conneaut, Ohio, to Bellevue, Ohio. At approximately 3:55 p.m., while en route through Vermilion, Ohio, an emergency stop of the train caused an obstruction of traffic at three public thoroughfares crossing at grade with the tracks in the city of Vermilion for a period in excess of five minutes. Appellant was subsequently arrested and charged with a violation of Vermilion Ordinance No. 553.01.

Prior to trial, appellant filed a motion to quash or, in the alternative, motion to dismiss. Appellant's motion was denied. On September 2, 1981, the trial court, sitting without a jury, found appellant guilty of violating Ordinance No. 553.01 and entered a judgment of conviction, assessing a fine of $25 plus costs. Whereupon appellant timely brought this appeal.

We will first address appellant's Assignment of Error No. 2.

Appellant's second assignment of error is presented as follows:

"II. The trial court committed reversible error when it concluded that Vermilion Municipal Ordinance Number 553.01 applies to appellant in his individual capacity as engineer for the Norfolk & Western Railway."

Appellant contends that by virtue of its wording, Ordinance No. 553.01 has no

application to him. Appellant further contends that because the ordinance involves criminal sanctions, it must be construed in the light most favorable to appellant. We agree.

R.C. 2901.04 (A) provides, in pertinent part:

"Sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused."

See *State* v. *Dickinson* (1971), 28 Ohio St. 2d 65 [57 O.O.2d 255].

This statutory rule of construction is applicable to the interpretation of a municipal ordinance as well. See *Flury* v. *Central Publishing House* (1928), 118 Ohio St. 154, at 162. The methodology to be used in interpreting a criminal ordinance is set out in the first paragraph of the syllabus of *Toledo* v. *Wagner* (1937), 57 Ohio App. 160:

"In the interpretation and construction of criminal statutes and ordinances the paramount purpose is to ascertain the legislative intent. This intent is ascertained from the provisions of the enactment, its title, and its apparent purpose as applied to the evil at which it is aimed."

The ordinance at issue, in pertinent part, provides:

"(a) No *railroad company* shall obstruct or permit or cause to be obstructed a public street, road or highway by permitting a railroad car, locomotive or other obstruction to remain upon or across it for longer than five minutes to the hindrance or inconvenience of travelers or a person passing along or upon such street, road or highway. No railroad company shall fail, at the end of each five minute period of obstruction of a public street, road or highway, to cause such railroad car, locomotive or other obstruction to be removed for sufficient time, not less than three minutes, to allow the passage of persons and vehicles waiting to cross * * *.

"Upon the filing of an affidavit or complaint for violation of this section, summons shall be issued to the railroad company pursuant to Ohio R.C. 2935.10 (B), which summons shall be served on the regular ticket or freight agent of the company in the county where the offense occurred. [R.C. 5589.21.]

"(b) Whoever violates this section is guilty of a misdemeanor of the third degree." (Emphasis added.)

An examination of the *title* of the ordinance and its body, reveals that it is directed at "railroad companies." "Railroad companies" is nowhere defined in the ordinance to include agents and employees of the same. Appellant, an employee of the Norfolk & Western Railway Company, is not himself a railway company. Construing the verbiage of the instant criminal ordinance in a light most favorable to appellant, we determine that appellant, being merely an "employee" of a railroad company, is not subject to the ordinance.

The legislative intent of Ordinance No. 553.01 is obviously to eradicate lengthy public thoroughfare blockage by trains owned and operated by railroad companies. Ordinance No. 553.01 cannot be used as a dragnet.

"* * * 'a statute defining a crime or offense cannot be extended by construction, to persons or things not within its descriptive terms, though they appear to be within the reason and spirit of the statute.' " *State* v. *Winterich* (1952), 157 Ohio St. 414, at 419 [47 O.O. 316].

Furthermore, in view of the language of Ordinance No. 553.01, and the citation issued to the appellant, it is clear that the trial court did not have jurisdiction over the appellant.

We, therefore, find appellant's second assignment of error well-taken.

Having determined that appellant's second assignment of error is well-taken and is dispositive of this case, and having considered Assignments of Error Nos. 1 and 3, we deem them moot and they are overruled. See *State* v. *Collins* (1977), 60 Ohio App. 2d 116 [14 O.O.3d 94], in which

the Court of Appeals for Allen County held at paragraph two of the syllabus that:

"A court is not permitted to pass upon the constitutionality of a statute, or part thereof, unless such determination is necessary to its decision. (*Euclid* v. *Heaton* [1968], 15 Ohio St. 2d 65 [44 O.O.2d 50], followed.)" Cf. *State* v. *Jennings* (1982), 69 Ohio St. 2d 389 [23 O.O.3d 354].

On consideration whereof, the court finds that the defendant was prevented from having a fair trial, and the judgment of the Vermilion Municipal Court is reversed and defendant is ordered discharged.

*Judgment reversed.*

CONNORS,.P.J., POTTER and BARBER, JJ., concur.