OPINION
Defendant-Appellant Charles William Turner was charged with a violation of Miamisburg Municipal Code § 1292.04(d) (3) for parking or storing heavy equipment, a tow truck, on a residential property at 1130 E. Central Avenue. He was found guilty following a trial to the court and fined $50 plus court costs.
Following the City's case in chief, the Defense moved for a Crim.R. 29 motion for acquittal on the basis that the City had not met its burden in proving Defendant's guilt beyond a reasonable doubt. First, he argued the City had not proven that the individual present in the courtroom was the Defendant, Charles Turner, who was the owner of the property at 1130 E. Central Avenue. Also, he maintained that the City did not prove the tow truck in the driveway was in fact heavy equipment as contemplated under the statute. The court took the motion under advisement and later implicitly overruled it in its entry of July 30, 1999 by finding Turner guilty.
Turner appeals the judgment of the trial court raising the following three assignments of error:
 The Trial Court committed prejudicial error by not granting the Appellant's Criminal Rule 29 Motion at the close of the City's case in chief.
 The City Failed to Prove the Defendant Guilty Beyond a Reasonable Doubt.
 The Trial Court committed prejudicial error by applying the Miamisburg ordinance contrary to the prohibitions of ORC § 4513.65.
 I
In his first assignment of error, Turner contends the trial court erred by not ruling on his Crim.R. 29 motion for acquittal made at the close of the City's case. The City argued that Turner waived this error by not renewing his motion at the close of all evidence. We do not agree. When a case is being tried to the court as opposed to a jury, a defendant is not required to renew his motion for acquittal at the close of all evidence to preserve the issue for appeal. Dayton v. Rogers (1979), 60 Ohio St.2d 162,163, overruled on other grounds, State v. Lazzaro (1996), 76 Ohio St.3d 261
. Therefore, this issue is ripe for appeal.
In this regard, Crim.R. 29(A) states:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.
(Emphasis added). This rule leaves a trial court no discretion to reserve ruling on a Crim.R. 29 motion made at the close of the state's case. State v. Cayse (Dec. 30, 1998), Highland App. No. 98CA02, unreported, p. 2. If a trial court does fail to timely rule on the motion, it is harmless error only if the evidence which had been submitted at the time of the motion was sufficient to sustain a conviction. Id. Moreover, the ruling must be made based only on the evidence presented during the state's case.State v. Walker (Feb. 22, 1999), Mahoning App. No. 95 CA 180, unreported, p. 3.
When a trial court rules on a Crim.R. 29 motion, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, citing Jackson v. Virginia (1979),443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. In the present case, the Defense moved for a Crim.R. 29 motion at the close of the City's case, arguing in part that the City failed to identify Defendant as the perpetrator of the acts constituting the criminal offense. The trial court did not rule upon the motion at that point, but instead took it "under advisement."
The only witness called by the City during its entire case was the Code Enforcement Officer, Jennifer Watson. Ms. Watson testified that she had only mailed orders to Charles Turner at 1130 E. Central Avenue, but had never met him in person. She was unable to identify the Defendant in the courtroom as Charles Turner who lived at 1130 E. Central Avenue in Miamisburg. There is also no evidence that the City reopened its case to submit further evidence of Defendant's identification. In considering only evidence presented during the City's case, we find no evidence was presented of Defendant's identification. In its brief, the City pointed to all of the evidence which proved that Charles Turner was the owner of the residence and the owner of the tow truck allegedly in violation of the Miamisburg Code, but did not present any evidence that the individual sitting in the courtroom was that Charles Turner.
It is clear the trial court violated Crim.R. 29(A) by failing to rule on Turner's motion at the close of the City's case. Furthermore, since the City presented no evidence of Defendant's identity, there was not enough evidence presented to sustain a conviction. Therefore, it was prejudicial error for the trial court not to sustain Defendant's Crim.R. 29 motion at the time it was raised. Accordingly, the first assignment of error is sustained.
 II
Although the first assignment of error is dispositive of this appeal, we feel we also should address the applicability of the ordinance involved in this case. The ordinance Turner was found guilty of violating provides:
 Parking of commercial and heavy vehicles and equipment in residential districts. After the effective date of this Zoning Code, it shall be unlawful for the owner, tenant or lessee of any lot, parcel or tract of land, in a residential district or in the residential area of any other district, to permit or allow the open storage or parking thereon, either day or night, of semitrailers, trailers, mobile homes (exclusive of recreational vehicles), bulldozers, earth carriers, drag lines, cranes, steam shovels and/or any other equipment or machinery.
Miamisburg Municipal Code § 1292.04(d) (3). The vehicle that is the subject of this charge is a 1977 Ford F-350 Pick-up truck that has a wrecker body and a boom lift. Turner testified it does not have the capabilities of a commercial tow truck, but he uses it to tow farm equipment between his home and his mother's farm in Kentucky.
R.C. 2901.04(A) provides that criminal statutes are to be strictly construed against the state, and liberally in favor of the accused. This statutory rule of construction also applies to criminal ordinances. City of Vermilion v. Stevenson (1982),7 Ohio App.3d 170, syllabus. Further, in a criminal statute where there are specific enumerations followed by more general terms, the rule of ejusdem generis is often applied. State v. Hooper
(1979), 57 Ohio St.2d 87, 89. The Ohio Supreme Court explained this principle as follows:
 Under the rule of ejusdem generis, where in a statute terms are first used which are confined to a particular class of objects having well-known and definite features and characteristics, and then afterwards a term having perhaps a broader signification is conjoined, such latter term is, as indicative of legislative intent, to be considered as embracing only things of a similar character as those comprehended by the preceding limited and confined terms.
State v. Aspell (1967), 10 Ohio St.2d 1, syllabus.
In examining the Miamisburg ordinance above, the list of enumerated items entails "semitrailers, trailers, mobile homes (exclusive of recreational vehicles), bulldozers, earth carriers, drag lines, cranes, steam shovels," followed by the general language "other equipment or machinery." Considering the principle of ejusdem generis, we have serious doubt whether a tow truck is of similar character to those enumerated items. First, it does not appear the listed items are vehicles that could be licensed for normal road use, whereas a tow truck is. In fact, a tow truck could be used as daily transportation, if so desired by its owner. Consequently, a tow truck does not clearly qualify under the heading of the ordinance, "commercial and heavy vehicles and equipment," whereas the enumerated items clearly do. Furthermore, a tow truck is much more common than many of the items listed, so if the City had intended it to be covered, it seems it would have been specifically included in the enumerated list.
Based on the foregoing, Turner's first assignment of error that the trial court erred in not granting his Crim.R. 29 motion is sustained. Additionally, the remaining assignments of error are hereby declared moot pursuant to App.R. 12(A). Judgmentreversed.
WOLFF, J., and YOUNG, J., concur.
Copies mailed to:
Patrick G. Carney
Konrad Kuczak
Hon. Robert E. Messham, Jr.