The STATE of Ohio [City of Miamisburg], Appellee,

v.

WOOD, Appellant.

[Cite as *Miamisburg v. Wood* (2000), 137 Ohio App.3d 623.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 18118.

Decided May 5, 2000.

624

Christine L. Burk, Miamisburg City Prosecutor, for appellee.

J. David Turner, for appellant.

BROGAN, Judge.

Defendant–appellant Sharon Wood appeals from the judgment of the trial court finding her guilty of violating Miamisburg Municipal Ordinance 432.45(b), littering (cf. R.C. 4511.82).

The incident in question occurred on March 25, 1999, when Wood was driving her vehicle with the cargo door open while her nephew tossed copies of the Miamisburg Sun to area residential homes. The Miamisburg Sun is allegedly a newspaper that contains advertisements from local vendors and is delivered without subscription to all residences.

In November 1999, Wood filed a motion to dismiss the charge, claiming that the newspapers did not constitute "litter" as defined under the ordinance, and that the charge was in violation of her First Amendment rights. This motion was overruled on November 22, 1999, and the trial court found Wood guilty and assessed a $25 fine, $55 court costs, $6 subpoena fees, and $100 warrant and transportation fees.

Wood's appeal raises the following assignments of error:

"I. The trial court erred in overruling appellant's motion to dismiss, as a newspaper is not 'litter' as defined by the applicable ordinance.

"II. The trial court erred in overruling appellant's motion to dismiss pursuant to the dictates of the First Amendment of the United States Constitution.

"III. Miamisburg Municipal Ordinance 432.45(b) is unconstitutional."

I

Wood argues in her first assignment of error that the newspapers being delivered did not constitute litter as defined under the ordinance. The relevant portion of the ordinance states: "As used in this section, 'litter' means garbage, trash, waste, rubbish, ashes, cans, bottles, wire, paper, cartons, boxes, automobile parts, furniture, glass, or anything else of an unsightly or unsanitary nature." Miamisburg Municipal Ordinance 432.45(c). In deciding this assignment of error, we must determine whether the trial court correctly interpreted this ordinance. The interpretation of a statute or ordinance is a question of law for the court that requires us to employ a *de novo* standard of review. *State v. Musick* (1997), 119 Ohio App.3d 361, 367, 695 N.E.2d 317, 321; *Castlebrook, Ltd. v. Dayton Properties Ltd. Partnership* (1992), 78 Ohio App.3d 340, 346, 604 N.E.2d 808, 811.

We must first point out the well-established rule that a criminal statute should be strictly construed against the state and liberally construed in favor of the accused. R.C. 2901.04(A); *State v. Hill* (1994), 70 Ohio St.3d 25, 31, 635

N.E.2d 1248, 1253. This is also true of criminal ordinances. *Vermilion v. Stevenson* (1982), 7 Ohio App.3d 170, 171, 7 OBR 215, 216, 454 N.E.2d 965, 966, syllabus. When faced with identical definitions for the word "litter" as found in the present case, other courts have interpreted "paper" not to include newspapers or advertisements. In *State v. White* (Nov. 17, 1989), Geauga App. No. 89–G–1512, unreported, 1989 WL 140152, the court explained that "[t]aken in context, paper would only constitute litter when it is 'unsightly' (or unsanitary), as that term is commonly understood, or when it is in a condition comparable to the other items listed [in R.C. 3767.32(B) ]." Another court found that advertisements delivered to homes without a subscription did not constitute litter as defined by the statute (R.C. 3767.32). *Conway v. Calbert* (1997), 119 Ohio App.3d 288, 295, 695 N.E.2d 271, 275.

In interpreting statutes, often courts use canons of construction to assist them. One such canon, *ejusdem generis*, is used when a criminal statute contains specific enumerations followed by more general terms. *State v. Hooper* (1979), 57 Ohio St.2d 87, 89–90, 11 O.O.3d 250, 252, 386 N.E.2d 1348, 1350. The Ohio Supreme Court has explained this principle as follows:

"Under the rule of *ejusdem generis*, where in a statute terms are first used which are confined to a particular class of objects having well-known and definite features and characteristics, and then afterwards a term having perhaps broader signification is conjoined, such latter term is, as indicative of legislative intent, to be considered as embracing only things of a similar character as those comprehended by the preceding limited and confined terms." *State v. Aspell* (1967), 10 Ohio St.2d 1, 39 O.O.2d 1, 225 N.E.2d 226, paragraph two of the syllabus.

In defining "litter," the ordinance involved in the present case lists several specific items, followed by the more general terms, *i.e.,* "anything *else* of an unsightly or unsanitary nature" (emphasis added). Miamisburg Municipal Ordinance 432.45(c). Applying the doctrine of *ejusdem generis*, "unsightly or unsanitary" would essentially modify the specific items previously listed. In this regard, newspapers and advertisements would not constitute litter at the time they are delivered to homes. As pointed out by the *White* court, paper would only fall under this definition if it were unsightly, unsanitary, or similar to the other items listed in the statute, such as waste, rubbish, or ashes. Therefore, we do not find that the Miamisburg Municipal Ordinance, which prohibits littering from a vehicle, was intended to include delivery of newspapers or advertisements to residences. Accordingly, Wood's first assignment of error is sustained.

Wood's second and third assignment of error both involve constitutional issues, which courts will not decide if the case can be decided on other grounds. See *In re Miller* (1992), 63 Ohio St.3d 99, 110, 585 N.E.2d 396, 405. Further,

under App.R. 12(A)(1)(c), an appellate court need not address all issues if one assignment of error is determinative of the appeal. Accordingly, we will not address Wood's second and third assignments of error.

Based on the foregoing, the judgment of the trial court is reversed.

*Judgment reversed.*

FAIN and FREDERICK N. YOUNG, JJ., concur.