## In re JON J.

[Cite as *In re Jon J.* (2001), 144 Ohio App.3d 572.]

Court of Appeals of Ohio,
Sixth District, Ottawa County.

No. OT–01–002.

Decided July 20, 2001.

*Alan R. McKean,* for appellant.

*Mark Mulligan,* Ottawa County Prosecuting Attorney, and *Bruce Winters,* Assistant Prosecuting Attorney, for appellee.

---

SHERCK, Judge.

This is an appeal from an adjudication made by the Ottawa County Court of Common Pleas, Juvenile Division. Because we conclude that there was insufficient evidence to establish the offense for which appellant was adjudicated a juvenile traffic offender, we reverse.

On August 14, 2000, a Port Clinton police officer heard the squealing of automobile tires. At the same time, the officer observed approximately a block away a blue Chevrolet Corvette entering the parking lot of a school. The officer went to the school parking lot, where he found several people, including appellant, seventeen-year-old Jon J.

The officer inquired about the squealing tires. Appellant reported that the Corvette was his and that the squealing tires occurred when he entered the school parking lot too fast, losing traction as he decelerated and executed a lefthand turn. The officer charged appellant with a violation of Port Clinton Municipal Ordinance 331.36, which prohibits "squealing" or "peeling tires."

The matter proceeded to a trial before the juvenile court. There, appellant was adjudicated to be a juvenile traffic offender.

Appellant now appeals that adjudication, setting forth the following two assignments of error:

"ASSIGNMENT OF ERROR No. 1: The trial court incorrectly applied TRAF. 331.36.

"ASSIGNMENT OF ERROR No. 2: The trial court's decision was against the manifest weight of the evidence."

Section 331.36 of the Codified Port Clinton Ordinances provides as follows:

"331.36 SQUEALING TIRES, 'PEELING,' CRACKING EXHAUST NOISES.

"No person shall unnecessarily race the motor of any vehicle and no person shall operate any motor vehicle, except in an emergency, in such a manner that the vehicle is so rapidly accelerated or started from a stopped position that the exhaust system emits a loud, cracking or chattering noise unusual to its normal operation, or whereby the tires of such vehicle squeal or leave tire marks on the roadway, commonly called 'peeling'."

■ R.C. 2901.04(A) provides that code sections defining criminal offenses "shall be strictly construed against the state, and liberally construed in favor of the accused." This rule of construction is applicable to municipal ordinances. *Vermilion v. Stevenson* (1982), 7 Ohio App.3d 170, 171, 7 OBR 215, 216–217, 454 N.E.2d 965, 966–967,

Port Clinton Ordinance 331.36 defines more than one offense. The elements pertinent to the offense charged here are that no person:

1. shall operate a motor vehicle;

2. in a manner of rapid acceleration or start from a stopped position;

3. whereby the tires squeal or leave tire marks on the roadway (peeling).

The prosecution has the burden of proving each of these elements beyond a reasonable doubt. R.C. 2901.05(A).

■ In this matter, the prosecution presented no evidence that the tires on appellant's vehicle squealed because of a rapid acceleration or a rapid start. Indeed, the only testimony presented was that appellant's tires squealed during deceleration in a turn. Consequently, the evidence submitted was insufficient as a matter of law to sustain a conviction under the ordinance at issue. See *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386–387, 678 N.E.2d 541, 546–547, Accordingly, both of appellant's assignments of error are well taken.

On consideration whereof, the judgment of the Ottawa County Court of Common Pleas, Juvenile Division, is reversed. Costs to appellee.

*Judgment reversed.*

PETER M. HANDWORK and RICHARD W. KNEPPER, JJ., concur.