The STATE of Ohio, Appellee,

v.

FREY, Appellant.

[Cite as *State v. Frey,* 166 Ohio App.3d 819, 2006-Ohio-2452.]

Court of Appeals of Ohio,
Fourth District, Ross County.

No. 05CA2853.

Decided May 16, 2006.

</div>

820

Kathryn Janes, for appellant.

Toni L. Eddy, Chillicothe Law Director, and Michele R. Rout, Assistant Law Director, for appellee.

———————

KLINE, Judge.

{¶ 1} Brian L. Frey appeals the judgment of the Chillicothe Municipal Court, finding him guilty of vehicle trespass in violation of Chillicothe Revised Ordinance ("R.O.") 303.09, a fourth-degree misdemeanor, sentencing him to 30 days in jail, and ordering him to pay a fine of $250. Frey contends that R.O. 303.09 and 545.06(d) conflict, and therefore the trial court erred by failing to construe the conflicting ordinances in his favor by imposing the lesser sentence required under R.O. 545.06(d). Because one is a strict-liability offense while the other requires the state to prove that the defendant acted knowingly, we disagree. Accordingly, we overrule Frey's sole assignment of error and affirm the trial court's judgment.

I

{¶ 2} On February 15, 2005, Kent Anderson left The Dock on Water and went to his truck. He observed a man, later identified as Frey, inside his truck. Anderson approached Frey and asked what he was doing, at which time Frey asked whether Anderson was the truck's owner. When Anderson replied that he was, Frey stated that he was looking for jumper cables because he was having car trouble. Initially, Anderson did not find anything damaged or missing from his truck, so he jump started Frey's dark red Ford Mustang, and Frey left the scene in that vehicle.

{¶ 3} Thereafter, Anderson noticed that someone had searched the duffle bag in his truck. He called the police, provided the responding officer with the license-plate number of the red Ford Mustang and a physical description of the driver. The responding officer ran the license plate through Law Enforcement Automated Data System ("LEADS"), which revealed that Frey was the registered owner of the vehicle, a 1996 Ford two-door. The officer also discovered that the physical description provided by Anderson matched Frey. Anderson accompanied the officer to the station and, upon viewing a photo lineup, immediately identified Frey as the man he observed in his truck.

{¶ 4} On March 14, 2005, Frey was charged with one count of vehicle trespass in violation of R.O. 303.09, a fourth-degree misdemeanor. On the morning of the scheduled trial, Frey moved the court to dismiss the charge against him, alleging that R.O. 303.09 and 545.06(d) are identical, except that one offense is a fourth-degree misdemeanor, while the other is a minor misdemeanor. The trial court

noted that Frey was charged under R.O. 303.09, which identifies the offense as a fourth-degree misdemeanor, and overruled Frey's motion to dismiss.

{¶ 5} Frey then entered a plea of no contest, and entered an objection to the imposition of any penalties other than sanctions for a minor misdemeanor. The trial court found Frey guilty, sentenced him to the maximum of 30 days in jail, and imposed the maximum fine of $250. The trial court stayed the execution of Frey's sentencing pending appeal.

{¶ 6} Frey appeals raising the following assignment of error: "The trial court erred to the prejudice of appellant in failing to construe conflicting city ordinances in favor of the accused."

## II

{¶ 7} In his sole assignment of error, Frey contends that the provisions of R.O. 303.09 and 545.06(d) are in conflict. He asserts that pursuant to R.C. 2901.04(A), we must strictly construe the ordinances against the state and liberally construe them in his favor.[1] Therefore, he urges us to find that the Chillicothe City Council impliedly repealed the earlier enacted R.O. 303.09 and that the trial court erred by failing to sentence him for a minor misdemeanor in accordance with R.O. 545.06(d). In contrast, the state contends that the ordinances do not conflict because R.O. 545.06(d) requires the state to prove the additional element that the accused acted "knowingly."

{¶ 8} We note that Frey couches his argument in terms of a conflict between the two ordinances. However, it appears that his main point is that although R.O. 545.06(d) requires the state to prove a higher degree of culpability, it inexplicably and counterintuitively imposes a lesser penalty for the offense. Because Frey fails to raise any argument that it is constitutionally impermissible for the state to punish him more severely than those committing nearly identical crimes that demand greater culpability, we do not address that issue here.

{¶ 9} The interpretation of a statute or ordinance is a question of law, which we review de novo. See, e.g., *Miamisburg v. Wood* (2000), 137 Ohio App.3d 623, 625, 739 N.E.2d 410; *State v. Musick* (1997), 119 Ohio App.3d 361, 367, 695 N.E.2d 317; *Castlebrook, Ltd. v. Dayton Properties Ltd. Partnership* (1992), 78 Ohio App.3d 340, 346, 604 N.E.2d 808.

---

1. R.C. 2901.04(A) provides: "Except as otherwise provided in division (C) or (D) of this section, sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." That rule of construction also applies to municipal ordinances. See, e.g., *In re Jon J.* (2001), 144 Ohio App.3d 572, 760 N.E.2d 934; *Miamisburg v. Wood* (2000), 137 Ohio App.3d 623, 739 N.E.2d 410; *Cleveland v. Pugh* (1996), 110 Ohio App.3d 472, 674 N.E.2d 759.

{¶ 10} The primary duty of a court in interpreting an ordinance is to give effect to the intent of the legislative body enacting it. *Cline v. Ohio Bur. of Motor Vehicles* (1991), 61 Ohio St.3d 93, 97, 573 N.E.2d 77, citing *Carter v. Youngstown* (1946), 146 Ohio St. 203, 32 O.O. 184, 65 N.E.2d 63, at paragraph one of the syllabus. We must first look to the language of the ordinance itself to determine the legislative intent. *Shover v. Cordis Corp.* (1991), 61 Ohio St.3d 213, 218, 574 N.E.2d 457, overruled on other grounds by *Collins v. Sotka* (1998), 81 Ohio St.3d 506, 692 N.E.2d 581. We read words and phrases in context and construe them according to the rules of grammar and common usage. *Eastman v. State* (1936), 131 Ohio St. 1, 5 O.O. 248, 1 N.E.2d 140, at paragraph five of the syllabus; R.C. 1.42.

{¶ 11} The Ohio Supreme Court has recognized that "[i]f * * * a statute is in clear conflict with existing legislation upon the same subject-matter, effect must be given to the later act, even if the result is to repeal by implication the older statute." *Goff v. Gates* (1912), 87 Ohio St. 142, 149, 100 N.E. 329. However, the court also acknowledged that "[r]epeals by implication are never favored." Id.

{¶ 12} A long-standing rule of statutory interpretation provides that courts will not hold prior legislation to be impliedly repealed by the enactment of subsequent legislation unless the subsequent legislation clearly requires such a holding. *Cincinnati v. Thomas Soft Ice Cream, Inc.* (1977), 52 Ohio St.2d 76, 78, 6 O.O.3d 277, 369 N.E.2d 778. "When the provisions of two statutes are so far inconsistent with each other that both can not be enforced, the latter must prevail. But if, by any fair course of reasoning, the two can be reconciled, both shall stand. When the legislature intend to repeal a statute, we may, as a general rule, expect them to do it in express terms, or by the use of words which are equivalent to an express repeal. No court will, if it can be consistently avoided, determine that a statute is repealed by implication." Id. at 78–79, 6 O.O.3d 277, 369 N.E.2d 778, quoting *Ludlow v. Johnston* (1828), 3 Ohio 553, 564. Accord *Lucas County Commrs. v. Toledo* (1971), 28 Ohio St.2d 214, 217, 57 O.O.2d 440, 277 N.E.2d 193. Irreconcilable conflict arises when the same conduct is punishable by different penalties in different legislative enactments. *State v. Volpe* (1988), 38 Ohio St.3d 191, 193, 527 N.E.2d 818.

{¶ 13} Here, R.O. 303.09, which prohibits vehicle trespass under the Chillicothe Traffic Code, provides: "No person shall enter into or upon any vehicle, motorcycle or motor vehicle, the property of another person, without the consent of the owner or operator thereof. Whoever violates this section shall be deemed guilty of a misdemeanor of the fourth degree."

{¶ 14} In contrast, R.O. 545.06, which prohibits unauthorized use of a vehicle and vehicle trespass under the Chillicothe General Offenses Code, provides: "(d)

No person shall knowingly enter into or upon a motor vehicle, motorcycle or other motor-propelled vehicle without the consent of the owner or person authorized to give consent." R.O. 545.06(f) further provides: "Whoever violates subsection (d) hereof is guilty of vehicle trespass, a minor misdemeanor."

{¶ 15} The enactment of R.O. 545.06(d) did not express a desire for the enactment to prevail over R.O. 303.09. We must presume that the city council members are aware of previously enacted legislation. See *State v. Conyers* (1999), 87 Ohio St.3d 246, 250, 719 N.E.2d 535, citing *Henrich v. Hoffman* (1947), 148 Ohio St. 23, 27, 34 O.O. 473, 72 N.E.2d 458. If the city council members wanted to repeal R.O. 303.09, eliminating all forms of vehicle trespass except for those "knowingly" committed, they could have done so. However, the language of the ordinance reveals no such intent.

{¶ 16} Moreover, we note that while the two ordinances both regulate vehicle trespass, each requires different proof. R.O. 303.09 does not specify a required mens rea or culpable mental state. When legislation is silent as to the mens rea for an offense, R.C. 2901.21(B) guides courts in determining whether culpability is a necessary element of the offense. R.C. 2901.21(B) provides: "When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in the section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense."

{¶ 17} Thus, R.O. 303.09 imposes either strict criminal liability or, at most, requires the state to prove that an accused acted recklessly.[2] In contrast, R.O. 545.06(d) requires the prosecution to prove that an accused knowingly entered the vehicle of another without consent. While both ordinances regulate the same activity, vehicle trespass, they do not directly conflict with one another because they require proof of different degrees of culpability. We note that although many strict-liability offenses, including many traffic offenses, are minor misdemeanors, the Revised Code also contains some strict-liability offenses, including the very serious driving-under-the-influence offenses, that are punishable by jail time.

{¶ 18} In light of the different degrees of culpability in the two ordinances, with the higher degree of culpability—"knowingly"—being associated with the

---

2. For purposes of this decision, it is unnecessary for us to resolve the issue of whether the R.O. 303.09 imposes strict liability or requires proof of recklessness because, regardless of the outcome, the ordinance requires the state to prove a lesser degree of culpability than R.O. 545.06(d).

lesser crime, a minor misdemeanor, and the strict-liability offense being associated with greater crime, a fourth-degree misdemeanor, we acknowledge that the existence of the two ordinances may indeed stem from legislative oversight. Nevertheless, the narrow legal issue before this court is not whether we should rewrite the Chillicothe Revised Ordinances, but whether the two nonconflicting ordinances may coexist. We find that they can.

{¶ 19} Because we hold that R.O. 303.09 and 545.06(d) can be reconciled such that each ordinance may be enforced, and in light of the long-standing policy in this state disfavoring repeal by implication, we cannot hold that the enactment of R.O. 545.06(d) impliedly repealed R.O. 303.09. Therefore, the trial court did not err in sentencing Frey pursuant to R.O. 303.09, when he entered a plea of no contest to that charge. Accordingly, we overrule Frey's sole assignment of error and affirm the trial court's judgment.

<div align="right">Judgment affirmed.</div>

ABELE, J., concurs.

HARSHA, P.J., dissents.

HARSHA, Presiding Judge, dissenting.

{¶ 20} I dissent because I conclude that the Chillicothe City Council impliedly repealed R.O. 303.09 when it enacted R.O. 545.06(d). I agree that courts should not act "willy nilly" to declare that a statute has been repealed by implication. But there is no logical basis for creating an offense with a higher degree of mental culpability, yet having it possess a lesser penalty for otherwise identical conduct. One of the paramount principles of statutory construction requires us to avoid giving legislation a meaning that consistently creates absurd results. *State v. Robb* (2000), 88 Ohio St.3d 59, 66, 723 N.E.2d 1019; *Yonkings v. Wilkinson* (1999), 86 Ohio St.3d 225, 228, 714 N.E.2d 394.

{¶ 21} In my view, allowing these two statutes to coexist and to be enforced selectively at the whim of the city produces absurd results. Thus, I conclude that R.O. 545.06(d) impliedly repealed R.O. 303.09.