[Cite as *State v. Delong*, 2016-Ohio-1412.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

STATE OF OHIO                          :

    Plaintiff-Appellee,            :          Case No. 15CA3482

    v.                             :          <u>DECISION AND</u>
                                                  <u>JUDGMENT ENTRY</u>

REGINA K. DELONG,                      :

    Defendant-Appellant.           :          RELEASED: 03/30/2016

---

APPEARANCES:

Timothy Young, Ohio Public Defender, and Eric M. Hedrick, Assistant Ohio Public Defender, Columbus, Ohio, for appellant.

Sherri K. Rutherford, Chillicothe Law Director and Michele R. Rout, Assistant Law Director, Chillicothe, Ohio, for appellee.

---

Piper, J.

{¶ 1} Defendant-appellant, Regina K. Delong ("Delong") appeals her convictions and sentence in the Chillicothe Municipal Court after pleading no contest to driving under an OVI suspension and operating a vehicle with an invalid license plate.

{¶ 2} On appeal, Delong presents one assignment of error, alleging that her convictions should be reversed because the state violated her right to a speedy-trial when it failed to bring her to trial within 90 days. The state argues that it complied with the applicable speedy-trial timeframe.

{¶ 3} We find that the state brought Delong to trial within the applicable speedy-trial timeframe, and therefore affirm Delong's convictions and sentence.

**I. Facts and Procedural Posture**

{¶ 4} Delong was arrested and charged with several offenses, including receiving stolen property, a fifth degree felony, driving under an OVI suspension, a first degree misdemeanor, having illegal plates, a fourth degree misdemeanor, and four other minor misdemeanors. Delong was arraigned on the misdemeanor charges and waived the preliminary hearing for the felony charge. During the arraignment, the state and Delong agreed that all of the charges arose out of the same act or transaction. Due to the felony receiving stolen property charge, the trial court bound over all charges to the Ross County Court of Common Pleas.

{¶ 5} After the case was transferred to the common pleas court, the state presented its case against Delong to the Ross County Grand Jury. The grand jury chose not to indict Delong on the felony charge of receiving stolen property. Instead, the grand jury returned the indictment on only the two misdemeanor charges of driving under an OVI suspension and having illegal plates. Delong, now charged with two misdemeanor offenses, had her case returned to the Chillicothe Municipal Court for further proceedings.

{¶ 6} Delong was arraigned on the two misdemeanor charges, and filed a demand for discovery on October 7, 2014. The record indicates that the state provided discovery; and Delong filed a response to the state's request for reciprocal discovery on October 30, 2014. On December 9, 2014, Delong filed a motion to discharge, arguing that the state failed to bring her to trial within 90 days. The trial court denied Delong's motion, finding the 90 days did not begin to run from the date of her arrest, but rather, began to run on the day that Delong was served with a summons on the grand jury's indictment, September 24, 2014. As 90 days had not yet passed from that date, the trial court found that Delong's speedy-trial rights had not been violated.

{¶ 7} After her motion to dismiss was denied, Delong pled no contest to the two misdemeanor charges. The trial court found Delong guilty, and sentenced her to time already

served, one year of community control, and a fine of $300. The trial court also suspended

Delong's driver's license for one year. Delong now appeals the trial court's decision to deny her

motion to dismiss.

## II. Assignment of Error

{¶ 8} On appeal, Delong asserts the following assignment of error for our review:

> The trial court erred when it denied Ms. Delong's motion to
>
> discharge for violating her speedy-trial rights pursuant to R.C.
>
> 2945.73(B). * * *

## III. Standard of Review for Motions to Dismiss for a Speedy-Trial Violation

{¶ 9} Appellate review of a trial court's decision on a motion to dismiss for a speedy-

trial violation involves a mixed question of law and fact. *State v. James*, 4th Dist. Ross No.

13CA3393, 2014-Ohio-1702. We will defer to a trial court's factual findings if some competent

and credible evidence supports them, but we review de novo the trial court's application of the

law to those facts. *State v. Carr*, 4th Dist. Ross No. 12CA3358, 2013-Ohio-5312, ¶ 12. Also,

"[t]he interpretation of a statute * * * is a question of law, which we review de novo." *State v.*

*Frey*, 166 Ohio App.3d 819, 2006-Ohio-2452, 853 N.E.2d 684, ¶ 9 (4th Dist.).

## IV. Law and Analysis

{¶ 10} In her sole assignment of error, Delong argues that she was entitled to discharge

pursuant to R.C. 2945.73(B) because she was not brought to trial within the required speedy-trial

time limit of 90 days for first degree misdemeanor charges.

{¶ 11} The Sixth Amendment to the United States Constitution and Section 10, Article I

of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. The Ohio

Legislature incorporated this guarantee within R.C. 2945.71, which provides specific time limits

within which a defendant must be brought to trial. According to R.C. 2945.71(B)(2), a defendant charged with a first or second degree misdemeanor must be brought to trial within 90 days after the arrest or service of summons. R.C. 2945.71(C)(2) requires a defendant charged with a felony to be brought to trial within 270 days after arrest.

{¶ 12} According to Crim.R. 5(B), "except upon good cause shown, any misdemeanor, other than a minor misdemeanor, arising from the same act or transaction involving a felony shall be bound over or transferred with the felony case." R.C. 2945.71(D) further provides that when one or more charges of different degrees are brought that arise out of the same act or transaction, the speedy-trial timeframe will be determined by the highest degree of offense charged. As such, the speedy-trial timeframe applied to misdemeanor cases bound over with a felony charge is 270 days.

{¶ 13} Ohio law is clear that "when an original charge is later reduced to a lesser offense based upon the same conduct, the speedy trial limitations of R.C. 2945.71 begin to run anew on the date the defendant is served with the charge on the lesser offense." *State v. Smith*, 4th Dist. Athens No. 99CA31, 2000 WL 41723, *2 (Jan. 12, 2000). Given this well-settled law in Ohio, and applying the same rationale to the case at bar, we find that Delong's speedy-trial timeframe for purposes of the misdemeanor charge began to run anew once the grand jury returned a no true bill on the felony charge.

{¶ 14} It is undisputed from the record that the misdemeanor and felony charges all arose from the same act or transaction, and were pending simultaneously. Delong argues that once the felony charge was not indicted, the highest remaining offense was a misdemeanor, thus requiring a 90-day speedy-trial timeframe. However, when the grand jury decided to return the indictment

on only the misdemeanor charges, the speedy-trial date began to run anew similar to as if the charge had been reduced to a lesser-included offense.

{¶ 15} The record clearly indicates that both parties initially proceeded as if the speedy-trial timeframe was determined by the felony charge. The grand jury significantly changed the state's charges, which also changed the way in which the speedy-trial calculation should take place. When there exists both a charged felony and misdemeanor, "[t]o hold that [a] defendant must be tried within a time that remains from the lesser misdemeanor period would place an unduly severe burden on the prosecution, and would require the prosecution to treat all persons suspected of conduct which could constitute either a felony or a misdemeanor as though they will be tried for the misdemeanor." *State v. Phillips*, 19 Ohio App.3d 85, 86-87, 482 N.E.2d 1337 (10th Dist.1984). While *Phillips* was specific to new misdemeanor charges brought after a felony charge had been dismissed, the same reasoning is applicable to the case at bar.

{¶ 16} A retroactive application of the 90-day period of time where the timeframe for trial has already expired does not create an even playing field for the state. The state had no way of knowing that the grand jury would not indict Delong on the felony charge, and therefore, could not have anticipated a need to sever the misdemeanor charges and bring Delong to trial within 90 days from her arrest. The Ohio Legislature anticipated that the state could bring differing degrees of charges against a defendant when those charges arise out of the same occurrence or transaction. As referenced above, both Crim.R. 5(B) and R.C. 2945.71(D) specifically require that differing degrees of crimes be brought together against a defendant, and all charges tried at the common pleas level within 270 days.

{¶ 17} Discovering later that the grand jury did not indict on the felony charge, however, does nothing to change the fact that the state was obligated to present *all* charges against Delong

to the grand jury. The Legislature enacted R.C. 2945.71(D) knowing the grand jury process takes considerable time to implement.[1] Citizens must be called in to appear before the presiding grand jury common pleas judge in order to be selected, sworn in, and instructed as to the nature of the proceedings. A grand jury hearing date must be scheduled and subpoenas issued and served. After testimony and the production of evidence, a report is issued and indictments subsequently served. The various steps in this process can consume considerable time even when charges are pursued diligently. As such, Crim.R. 5(B) and R.C. 2945.71(D) interface not only to serve the efficient administration of justice, but also to serve judicial economy.[2]

{¶ 18} This is not a case where the state learned that the grand jury would not indict on a felony charge and then *subsequently* brought misdemeanor charges. Instead, the state pursued the felony and misdemeanor charges together from the start, and proceeded as if the charges would efficiently be tried together in the court of common pleas. The felony and misdemeanor charges were always simultaneously pending until the moment the grand jury returned its indictment. At that point, for the *first* time, the state was informed that only misdemeanor charges were to be pursued. Only then did the state become aware of the need to bring Delong to trial within 90 days to abide by the speedy-trial timeframe for misdemeanors. It is uncontested that before the indictment was pronounced, 270 days remained the controlling timeframe in order for the grand jury process to fairly and routinely proceed.

---

[1] Many smaller counties only have grand jury proceedings scheduled one or two days per month. If we hold as Delong suggests, it would place some counties in the difficult position of scrambling to seek special grand jury proceedings, which are otherwise not routine and can be burdensome to coordinate.

[2] The retroactive application of the 90-day timeframe encourages the state to seek a severance of the charges contrary to the express requirements of Crim.R. 5(B) and would significantly congest the dockets of municipal and area courts. In essence, it would encourage the state to act contrary to Crim.R. 5(B) and violate the rule.

{¶ 19} Some courts have recognized that the state does not have the ability to use the original felony timeframe when charging a felony first and then subsequently bringing misdemeanor charges once the felony case was terminated. For example, in *State v. Large*, 2d Dist. Montgomery No. 23947, 2015-Ohio-33, the court recognized that the appellant's felony case terminated once the grand jury returned a no true bill. The appellant was not released from jail, however, because the state chose to bring new misdemeanor charges based on the same conduct for which the felony charge arose. The court determined that "because the misdemeanor charges were instituted after the felony case terminated, R.C. 2945.71(D) did not operate to apply the 270-day speedy-trial time for the original aggravated burglary charge to the two new misdemeanor charges. *Id*. at ¶ 17.

{¶ 20} Unlike *Large*, however, in Delong's situation, the state combined Delong's misdemeanor and felony charges together from the beginning and did not bring new or different charges once the grand jury returned the no true bill on the felony charge. Therefore, we find that R.C. 2945.71(D) is still applicable, with the operating principle that a different set of charges handed down by the grand jury begins the speedy-trial timeframe anew.

{¶ 21} Adhering to this interpretation of the rules and Ohio law gives fair and adequate notice to both parties regarding what time parameters control the actual charges set forth by the grand jury. In fact, in a dissent, Judge Hall of the Second District Court of Appeals anticipated in *Large* the possibility of an occurrence similar to what occurred in the case at bar. Judge Hall noted that if the appellant in *Large* had been "charged with the felony *and* the misdemeanor charges at arrest, and he had remained in custody, and the felony later had been dismissed, the time for trial of the misdemeanor charges would have been the earlier of ninety days from arrest or thirty days from dismissal of the felony, whichever was earlier." *Id*. at ¶ 27. (Emphasis sic).

{¶ 22} Judge Hall based his conclusion on a rule set forth in *State v. Gasnik*, 132 Ohio App.3d 612, 725 N.E.2d 1162 (1st Dist.1998), in which the First District set forth the rule that when an original charge is reduced to a lesser included charge that carries a shorter speedy-trial time limit, the speedy-trial timeframe will be the earlier of either the speedy-trial timeframe for the original charge (as applied from the date of the original charge) or the speedy-trial timeframe for the lesser charge (as applied from the date that the original charge was reduced to the lesser charge).

{¶ 23} There is no practical difference between when a grand jury reduces a charge or when a grand jury dismisses a charge. When a charge is subsequently reduced by the grand jury, the state and defendant began the case under the assumption that the felony (or higher degree charge) would control the speedy-trial timeframe. When the degree of the highest charge is later reduced to something lesser, the speedy-trial timeframe for that lesser charge does not automatically rise up to subsume the fact that a higher degree charge originally designated the timeframe to be applied. Instead, the rule is that the charging of the lesser included crime begins anew the speedy-trial timeframe, and *that* new degree will control the time frame to be applied.

{¶ 24} Similarly, when misdemeanor charges are brought with a felony charge, the parties begin the case under the assumption that the felony charge will control the speedy-trial time frame, and that the case will go to the common pleas court according to Crim.R. 5(B). When the grand jury decides not to include the felony charge in its indictment, the process should be the same with the new time frame beginning anew and controlled by the highest degree charge the grand injury *did* include in its indictment.

{¶ 25} Moreover, the Ohio Supreme Court specifically held that an original speedy-trial timeframe is applied to subsequent indictments. *State v. Baker*, 78 Ohio St.3d 108, 676 N.E.2d

883 (1997). The *Baker* court addressed cases involving multiple indictments, and determined that "subsequent charges made against an accused would be subject to the same speedy-trial constraints as the original charges, if the additional charges arose from the same facts as the first indictment." *Id.* at 110. This rule of law encourages the state to bring all charges at the same time that arise from the same facts, and has the practical result of requiring the state to proceed as if all charges were brought on the same date.

{¶ 26} If this court were to adopt Delong's arguments, it would essentially cause the state to file felony charges in the common pleas court, while pursuing misdemeanor charges separately in municipal or area courts to avoid the danger of having the misdemeanor charge dismissed on speedy-trial grounds. However, and according Crim.R. 5(B), the state does not have this option because "any misdemeanor, other than a minor misdemeanor, arising from the same act or transaction involving a felony *shall* be bound over or transferred with the felony case." (Emphasis added.)

{¶ 27} Our determination today is consistent with the spirit of the speedy-trial rights inherent in the federal and state constitutions, as well as Ohio's statutory scheme, "which is primarily intended to minimize the restrictions on freedom and the general disruption of life caused by pending and unresolved criminal charges." *Phillips*, 19 Ohio App.3d at 86, 482 N.E.2d 1337 (10th Dist.1984). From the inception of the charges against Delong, she was on notice the state had 270 days to bring its case against her. When the grand jury did not indict on the felony, the state then had 270 days from the date of arrest or 90 days from the date of service of the new indictment that dismissed the felony—whichever occurred earlier. This would not have added any additional burden or restriction of freedom on Delong, as the 90 days would expire before the 270 days everyone had originally considered applicable. The state brought its case against

Delong within the original 270-day time frame, and within 90 days of the grand jury's indictment. As such, Delong's speedy-trial rights were not violated.

### V. Conclusion

{¶ 28} Having found that Delong's speedy-trial rights were not violated, we overrule Delong's sole assignment of error and affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

Hoover, J.: Dissents with Dissenting Opinion.

{¶ 29} I respectfully dissent from the principal opinion. I would find that the state violated Delong's right to speedy trial. Therefore, I would sustain Delong's first assignment of error; and I would remand this proceeding to the trial court so it may vacate Delong's conviction.

{¶ 30} Here, both parties cited the rule in *State v. Smith*, 4th Dist. Athens No. 99CA31 2000 WL 41723 (Jan. 12, 2000) and both parties argued its application under the facts of this case. Delong asserts that the rule in *Smith* does not apply here, because her case does not involve a reduction of charges to a lesser degree. As such, Delong asserts that the speedy trial deadline of 90 days began to run one day after her arrest.

{¶ 31} On the other hand, the state argues that when applying the rule in *Smith* to the case at bar, it had 270 days from June 28, 2014 or 90 days from September 24, 2014. Since the 90-day deadline is the earlier of the two, the state contends (1) that the latter time limit applied and (2) that Delong's plea of no contest was within that speedy trial time requirement.

{¶ 32} I find that *Smith* is clearly distinguishable from the case at bar, however. In *Smith*, the defendant was charged originally with a felony failure to comply with the order of a police officer. *Id.* at *1. Defendant was also charged with several misdemeanors, including driving under the influence, driving under suspension, speeding, and displaying fictitious tags. *Id.* Unlike the case sub judice, Smith appeared in the municipal court and pled no contest to an amended misdemeanor charge. *Id.* The municipal court dismissed the remaining misdemeanors upon the state's motion. *Id.* After disposition of the misdemeanors, the state then decided not to pursue the felony failure to comply and dismissed the felony. *Id.* The state instead filed a misdemeanor complaint for failure to comply. *Id.* Between arraignment on the misdemeanor charge and his set

trial date, Smith filed a motion to dismiss pursuant to R.C. 2945.71. *Id.* The trial court denied Smith's motion to dismiss. *Id.*

{¶ 33} During Smith's appeal of the trial court's decision, he argued that the trial court erred because the state failed to bring him to trial within 90 days of his arrest. *Id.* In deciding *Smith*, this court relied on the rule previous articulated in *State v. Cattee*, 14 Ohio App.3d 239, 470 N.E.2d 421 (4th Dist.1983). *Id.* at \*2. Applying that rule, as stated above, this court determined that the state complied with the speedy trial guidelines. *Id.* at \*3. This court stated that the state brought Smith to trial within 270 days of his felony arrest, and within 90 days of the reduction in charges. *Id.*

{¶ 34} Smith's circumstances were much different from Delong's circumstances in that the felony receiving stolen property charge against Delong did not result in a misdemeanor charge. No charge arose from the receiving stolen property charge at all in the case before us. Furthermore, in *Smith*, the state resolved the misdemeanor charges against Smith before pursuing the felony charge. *Id.* at \*1, \*3. Here, the misdemeanor charges against Delong remained pending from the date of his arrest until she entered a plea of no contest to the indicted charges.

{¶ 35} In deciding *Smith*, this court had relied upon *Cattee*. However, *Cattee* is also distinguishable from the case sub judice. In *Cattee*, the defendant Cattee was initially charged with felonious assault, a second degree felony. *Id.* at 240. The case was then bound over to the Scioto County Common Pleas Court. *Id.* After being considered by the Scioto County Grand Jury, Cattee was indicted only upon a misdemeanor assault charge. *Id.* Cattee then filed a motion to dismiss claiming that his right to a speedy trial had been violated. *Id.* The trial court denied Cattee's motion to dismiss. *Id.*

{¶ 36} In affirming the trial court's decision to deny Cattee's motion to dismiss, this court held that "where a felony complaint is filed, the accused is bound to the grand jury and an indictment charging a misdemeanor is returned, the statutory time limitations respecting the misdemeanor shall apply *subject* to the requirement that the time for trial shall not exceed the statutory period for the trial of the felony." (Emphasis sic.) *Id.* at 242. "In other words, to compute speedy trial time we compare the deadlines of the original charge versus the reduced charge, and then use the earlier of the two deadlines." *Smith* at *2. Therefore, while a new speedy trial time may commence when a felony charge is reduced to a misdemeanor, the state must still bring the accused to trial within the original 270-day time limit.

{¶ 37} I agree that this reasoning applies when a felony charge is reduced to a misdemeanor charge as in *Cattee* and *Smith*; however, in the case sub judice, the felony charge was not reduced to a misdemeanor charge. The Ross County Grand Jury simply chose not to indict on the felony charge of receiving stolen property. In fact, the two misdemeanors upon which Delong was indicted were based on the same two misdemeanors that she was originally charged with on June 28, 2014 and upon which she was arraigned twice.

{¶ 38} We must be cognizant of the premise that an accused has a valid interest in, and an independent constitutional right to, a speedy trial. *Cattee* at 242 quoting *State v. Bonarrigo,* 62 Ohio St.2d 7, 11, 402 N.E.2d 530 (1980). "A court interpreting a statute must look to the language of the statute to determine legislative intent." *State v. Clemons,* 4th Dist. Highland No. 12CA9, 2013–Ohio–3415, ¶ 7. Courts should give effect to the words of the statute and should not modify an unambiguous statute by deleting or inserting words; that is, we have no authority to ignore the plain and unambiguous language of a statute under the guise of statutory interpretation. *Id.* In interpreting a criminal statute, courts must construe the statute strictly

against the state and liberally in favor of the accused. *Id.* citing R.C. 2901.04(A); *State v. Gray,* 62 Ohio St.3d 514, 515, 584 N.E.2d 710 (1992). "The interpretation of a statute or ordinance is a question of law, which we review de novo." *State v. Frey,* 166 Ohio App.3d 819, 2006–Ohio–2452, 853 N.E.2d 684, ¶ 9.

{¶ 39} In applying R.C. 2945.71, I would examine the facts of this case as follows. Here, the felony charge of receiving stolen property was not reduced to a lesser charge. No felony or misdemeanor charge resulted from the facts associated with the receiving stolen property charge. Instead, Delong was indicted upon a charge of driving under OVI suspension—a misdemeanor of the first degree. This charge was the exact same charge as the original charge. Since Delong's arraignment on the original charges, Delong had been under a recognizance bond for the charge of driving under OVI suspension.

{¶ 40} As for the other misdemeanor charge of operating a motor vehicle bearing an invalid license plate—a misdemeanor of the fourth degree—although it was not the exact same charge as the original charge of having illegal places, it did arise from the same facts as the original charge. I, therefore, consider that the Ohio Supreme Court has determined that, "[w]hen new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge." *State v. Adams*, 43 Ohio St.3d 67, 68, 538 N.E.2d 1025 (1989) quoting *State v. Clay*, 9 Ohio App.3d 216, 218, 459 N.E.2d 609 (11th Dist.1983). Thus, according to *Adams* and *Clay*, even if we consider the charge of operating a motor vehicle bearing an invalid license plate as a new charge, the time within which trial is to begin on the new charge is subject to the same statutory limitations that was applied to the original charge of having illegal plates.

{¶ 41} I am mindful that we must construe the speedy trial statutes strictly against the state and in favor of the accused. *State v. Carr*, 4th Dist. Ross No. 12CA3358, 2013-Ohio-5312, ¶ 11, citing *Brecksville v. Cook,* 75 Ohio St.3d 53, 57, 661 N.E.2d 706 (1996). Accordingly, I would find that, under the circumstances in this case, the speedy trial time requirement as set forth in R.C. 2945.71(B)(2) was not enlarged because of the grand jury's decision to indict Delong on the misdemeanor charges only and not the felony charge. In other words, I would find that the state did not continue to have the time period of 270 days in which to bring Delong to trial once the felony receiving stolen property charge was no billed. Consequently, R.C. 2945.71(B)(2) applied; and Delong had to be brought to trial on the misdemeanors within 90 days after her arrest. Even counting the tolling periods, I find that more than 90 days elapsed which violated the speedy trial statute.

{¶ 42} Thus, I would conclude that the state failed to bring Delong to trial within 90 days from June 29, 2014, in violation of Delong's right to speedy trial. I would sustain Delong's assignment of error, reverse the judgment of the trial court, and remand the matter to the trial court in order to vacate the conviction and discharge Delong.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J.: Concurs in Judgment and Opinion.
Hoover, J.: Dissents with dissenting opinion.

For the Court

BY: _____
            Robert N. Piper*, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**

*Judge Robert N. Piper III from the Twelfth Appellate District, sitting by assignment of the Supreme Court of Ohio in the Fourth Appellate District.