THE STATE OF OHIO, APPELLANT, *v.* ASPELL, APPELLEE.
THE STATE OF OHIO, APPELLANT, *v.* KUNS, APPELLEE.

[Cite as State v. Aspell, 10 Ohio St. 2d 1.]

(Nos. 40194 and 40195—Decided March 29, 1967.)

*Mr. C. Howard Johnson*, prosecuting attorney, and *Mr. James A. Pearson*, for appellant.

*Mr. Joseph H. Hans*, for appellees.

ZIMMERMAN, J. It is disclosed by the evidence that the "depository box" mentioned in the indictment was a metal cigarette vending machine of a familiar type, owned and serviced by the Ace Vending Company and located in the rear of Sandy's Drive-In at the Northern Lights Shopping Center in Franklin County. There was a slot in the upper section for the insertion of coins for cigarette purchases, and the receptacle for the coins inside the machine consisted of a ten-pack cigarette paper carton with its top removed.

Immediately engaging our attention is the question whether a "depository box" is involved here within the contemplation of Section 2907.12, Revised Code. First referred to in that section are "safe" and "vault." Those words, considered together, strongly suggest iron or steel containers ordinarily found in banking institutions or in business establishments, which are used for the storage of money, jewelry, other valuables and important papers and documents. One pictures a safe as an iron or steel depository for the safekeeping of assorted valuables and a vault as a large arched or square structure located in a protected area such as an underground basement and built of stone, bricks, concrete or steel, where a variety

of valuables are usually stored. One dictionary definition of a vault is "a chamber used as a safe." Where the words, "safe," "vault" and "depository box," are conjoined, one must interpret "depository box" as related to the words which precede it.

A well-known legal maxim is *"ejusdem generis,"* which literally translated means "of the same kind or species." So, where in a statute terms are first used which are confined to a particular class of objects having well-known and definite features and characteristics, and then afterwards a term is conjoined having perhaps a broader signification, such latter term is, as indicative of legislative intent, to be considered as embracing only things of a similar character as those comprehended by the preceding limited and confined terms. *Chichester Chemical Co.* v. *United States,* 49 F. 2d 516, 518, 60 App. D. C. 134, 136. See, also, *Glidden Co.* v. *Glander, Tax Commr.,* 151 Ohio St. 344, 350; 86 N. E. 2d 1, 4, 9 A. L. R. 2d 515.

Under such approach it is difficult to place a cigarette vending machine and the container for coins inside it as a "depository box" within the meaning and intendment of that term as used in Section 2907.12, Revised Code. This is more strikingly apparent when "safe," "vault" and "depository box" are all connected with the words, "any instrument, device, or *explosive,"* as contained in the statute. Of course, under the concept of criminal law obtaining in this state any substantial doubt as to the meaning of "depository box" must be resolved in favor of the appellees.

And there may be merit to the argument of counsel for the appellees that a "depository box" as that term is commonly understood is a receptacle wherein valuables are placed for safekeeping by the owner to be reclaimed by him *in kind,* whereas a vending machine is a mechanical device in which money is placed by a buyer for which he receives in exchange articles or merchandise from the machine.

The evidence in this case against appellees shows the commission of no offense within the provisions of Section 2907.12, Revised Code, and there could be no valid conviction under the indictment as drawn and returned.

We are aware of the cases of *Commonwealth* v. *Tilley,* 306 Mass. 412, 28 N. E. 2d 245, 129 A. L. R. 381, and *Hull* v. *State*

(Ohio App.), 20 Ohio Law Abs. 635, but we submit they are distinguishable from the instant ones.

On the basis of the foregoing observations, the judgments of the Court of Appeals are affirmed, although on a different ground than adopted by that court and without necessarily disagreeing with the conclusions reached by a majority of that court.

*Judgments affirmed.*

TAFT, C. J., MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.