CITY OF TALLMADGE, Appellee,

v.

STEVENSON, Appellant.

[Cite as *Tallmadge v. Stevenson* (1996), 113 Ohio App.3d 504.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17644.

Decided Aug. 14, 1996.

*Richard Schunk,* Tallmadge Law Director, for appellee.

*Donald Mitchell, Jr.,* for appellant.

*Per Curiam.*

Ayze Stevenson appeals from a judgment entered by the Municipal Court of Cuyahoga Falls, Ohio, convicting Stevenson of violating Tallmadge Ordinance 505.01(a). For the reasons that follow, we reverse.

In May 1995, a Tallmadge police officer investigated a complaint that cats owned by Stevenson had been causing property damage in the neighborhood. The officer observed dozens of cats running loose on Stevenson's property and on other properties in the neighborhood. The officer also noticed that Stevenson had erected shelters for the cats on his property. As a result of this investigation, Stevenson was charged with being the owner or having charge of several dozen cats and permitting them to run at large in violation of Tallmadge Ordinance 505.01(a). Following a trial, Stevenson was found guilty as charged. Stevenson filed a timely notice of appeal and asserts six assignments of error for our review.

■ We will first address Stevenson's fourth assignment of error because it is dispositive of this appeal. Stevenson argues that the trial court erred by finding that a cat is an "other animal" within the meaning of Tallmadge Ordinance 505.01(a).

Tallmadge Ordinance 505.01(a) provides as follows:

"No person being the owner or having charge of cattle, horses, swine, sheep, geese, ducks, goats, turkeys, chickens or other fowl or animals shall permit them to run at large upon any public place, or upon any unenclosed lands or upon the premises of another. (ORC 951.02)"

We find that cats are not included within the phrase "other animals" in Tallmadge Ordinance 505.01(a), for the following reasons.

■ R.C. 2901.04(A) provides, in pertinent part:

"Sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused."

This rule of statutory construction is applicable to the interpretation of criminal ordinances as well. *Vermilion v. Stevenson* (1982), 7 Ohio App.3d 170, 171, 7 OBR 215, 216, 454 N.E.2d 965, 966.

■ Since Tallmadge Ordinance 505.01(a) lists specific terms followed by a catchall word that is linked to those specific terms by the word "other," and since the ordinance must be construed strictly, it appears to be subject to the doctrine of *ejusdem generis*. See *State v. Hooper* (1979), 57 Ohio St.2d 87, 89, 11 O.O.3d 250, 251–252, 386 N.E.2d 1348, 1350. In *State v. Aspell* (1967), 10 Ohio St.2d 1, 39 O.O.2d 1, 225 N.E.2d 226, paragraph two of the syllabus, the Ohio Supreme Court described the operation of this doctrine in the following manner:

"Under the rule of *ejusdem generis*, where in a statute terms are first used which are confined to a particular class of objects having well-known and definite features and characteristics, and then afterwards a term having perhaps a broader signification is conjoined, such latter term is, as indicative of legislative intent, to be considered as embracing only things of a similar character as those comprehended by the preceding limited and confined terms."

Under this approach, it becomes apparent that a cat is not an "other animal" within the meaning of Tallmadge Ordinance 505.01(a). The ordinance specifically applies to cattle, horses, swine, sheep, geese, ducks, goats, turkeys, and chickens. All of these are farm animals, kept, bred and maintained for agricultural purposes. Since, under the doctrine of *ejusdem generis*, nothing may be construed to fall within the catchall term "other animals" unless it shares the characteristics of cattle, horses, swine, etc., only other farm animals fall within the purview of Tallmadge Ordinance 505.01(a). While it is true that cats may be

found on farms, they are generally not considered to be farm animals. Cats are household pets. See, *e.g.*, 3 Ohio Jurisprudence 3d (1978) 575, Animals, Section 4 ("[T]he general consensus of opinion seems to be that neither cats nor dogs are classified as being of equal dignity in law with domestic animals, particularly those useful for food."). See, also, *Sentell v. New Orleans & Carrollton RR. Co.* (1897), 166 U.S. 698, 701, 17 S.Ct. 693, 694, 41 L.Ed. 1169, 1170 ("[Dogs] are not considered as being upon the same plane with horses, cattle, sheep, and other domestic animals, but rather in the category of cats, monkeys, parrots, singing birds and similar animals, kept for pleasure, curiosity, or caprice."). We note that while Tallmadge Ordinance 505.01(b) and (c) specifically regulate dogs, there is no specific regulation of cats.

Construing the ordinance strictly against the city of Tallmadge, as we are bound to do so, we conclude that the trial court ruled incorrectly. A cat is not an "other animal" under Tallmadge Ordinance 505.01(a), and this ordinance does not include cats. Accordingly, Stevenson's fourth assignment of error is well taken, and his conviction must be reversed.

Given our treatment of Stevenson's fourth assignment of error, we find Stevenson's five remaining assignments of error are moot and, therefore, not well taken.

*Judgment reversed.*

QUILLIN, P.J., BAIRD and REECE, JJ., concur.